STATE OF CONNECTICUT *v.* SPENCER G. WOLFF

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 4, 1965

*Spencer G. Wolff,* the defendant, pro se.

*Howard J. Moraghan,* assistant prosecuting attorney, for the state.

BY THE DIVISION. The defendant is seventeen years of age. At the hearing on this application his parents were present, and his father, Roland C. Wolff, was appointed his guardian ad litem for this proceeding. The guardian ad litem waived the right accorded to the defendant by the division

to request the Superior Court to furnish counsel to him.

On May 19, 1964, the defendant pleaded guilty to (1) two counts of breaking and entering with criminal intent, in violation of § 53-76 of the General Statutes, for which the penalty is imprisonment for not more than four years; (2) two counts of larceny exceeding $15 but not exceeding $250, in violation of § 53-63 (a), which provides for a fine of not more than $200 or imprisonment for not more than six months or both; and (3) using a motor vehicle without the owner's permission, in violation of § 14-229, which provides for a fine of not more than $1000 or imprisonment for not more than one year or both, for a first violation.

On June 16, 1964, the court ordered the case transferred to the Juvenile Court, with the condition that the defendant "enter service as soon as possible" and that the case be sent back to the Circuit Court for disposition if the defendant "does not enter service." Apparently he was unable to enter the military service, because he was presented for sentence on June 23, 1964, and was sentenced to a term in the Connecticut reformatory on each of the charges, the terms to be served concurrently. As the sentence was imposed by the Circuit Court, the effective sentence was not more than two years, with eligibility for parole after nine months, if the defendant has a "satisfactory institutional record," under the parole rules in effect at the reformatory.

On February 17, 1964, the defendant used a jeep without the owner's permission. On February 18, 1964, he and his companions broke into a summer cottage in Newtown, gaining entrance by breaking a rear kitchen window, and removed some blankets, food and motor oil from the garage on the premises. On April 1, 1964, he and a companion returned to

the same premises and stole a power saw, which was later sold. It is for these offenses that he was sentenced to the reformatory. His only other offense of record is a charge of forgery on March 7, 1964, which was transferred to the Juvenile Court.

The presentence report of investigation by the probation officer revealed that the defendant has had a poor family background and environment. At the time he was sentenced in the Circuit Court, the presiding judge was under the impression that neither of the defendant's parents was available and that he had no place to go. However, at the time of the hearing herein they were present, and the father explained that he was away looking for a job. The investigating probation officer stated in his report that in his opinion there was "enough spark" in the defendant to justify an effort to "rekindle" it.

The offenses for which the defendant was sentenced were confined to the premises of one man, who was also the owner of the jeep that was used without permission and the goods that were taken. The defendant had not previously been confined in any correctional institution, nor had he ever been convicted of any criminal offense. His record at the reformatory has been excellent.

Under all the circumstances here, we are of the opinion that the sentence was too severe and that the defendant has been adequately punished for the offenses for which he was sentenced.

It is ordered that the sentence imposed by the Circuit Court be suspended as of February 1, 1965, and that the defendant be released from custody on that date.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.